PAUL M. NEWCOMB, Corporation Counsel, Sauk County
You have requested my opinion whether the recent age of majority enactment which amended sec. 245.02 (2), Stats., relating to marriageable age, now permits a male under the age of 18 to marry.
The legislative history of ch. 245, of the Wisconsin Statutes, clearly reveals that a male person under the age of 18 is prohibited from entering into a marriage contract in this state.
The age of majority law, ch. 213, Laws of 1971, effective March 23, 1972, reduced the marriageable age for a male without parental consent from 21 years to 18 years. The pertinent statute, sec. 245.02, Stats., reads as follows: *Page 391 
"(1) Every male person who has obtained the full age of 18 years and every female person who has obtained the full age of 16 years shall be capable in law of contracting marriage if otherwise competent.
"(2) If either of the contracting parties is under the age of 18 years if male, or between the ages of 16 and 18 years if a female, no license shall be issued without the consent of his or her parents . . ."
Before the enactment of the age of majority law, subsec. (2) read in part as follows:
"If either of the contracting parties is under the age of 21 years if male, or between the age of 16 and 18 if female, no license shall be issued without the consent of his or her parents . . ."
As will be observed, an ambiguity was created in subsec. (2) by substituting the word 18 years for 21 years. However, subsec. (1) was left intact, and it clearly indicates that the marriageable age for males is 18. This is a minimum standard. Furthermore, a review of the legislative history of the chapter firmly supports this interpretation.
The Family Code was created by ch. 595, Laws of 1959, effective January 1, 1960. Many substantive changes were made in ch. 245, Stats., relating to marriage. Marriage requirements were strengthened to avoid unstable marriages. See notes printed on Bill 151, A. (1959), which was enacted into law as the Family Code. The opening section of the Family Code reads as follows:
"245.001 TITLE, INTENT AND CONSTRUCTION OF CHAPTERS 245 to 248.
(1) TITLE. Chapter 245 to 248 may be cited as "The Family Code."
(2) INTENT. It is the intent of chs. 245 to 248 to promote the stability and best interests of marriage and the family. Marriage is the institution that is the foundation of the family and of society. Its stability is basic to morality and civilization, and of vital interest to society and the state. The consequences of the marriage contract are more significant to society than those of other contracts, and the public interest must be taken into *Page 392 
account always. The seriousness of marriage makes adequate premarital counseling and education for family living highly desirable and courses thereon are urged upon all persons contemplating marriage. The impairment or dissolution of the marriage relation generally results in injury to the public wholly apart from the effect upon the parties immediately concerned.
(3) CONSTRUCTION. Chapters 245 to 248 shall be liberally construed to effect the objectives of sub. (2)."
The Family Code was drafted by a committee which served under the auspices of the State Legislative Council. The committee reviewed, among other things, and recommended the appeal of ch. 8, Laws of 1953, which permitted a male under the age of 18 to marry with judicial consent in order to prevent a child from being born out of wedlock. That 1953 law, as created by said ch. 8, reads as follows:
"CHAPTER 8.
AN ACT TO amend 245.02 and 245.16 of the statutes, relating to the marriageable age of consent.
SECTION 1. 245.02 of the statutes is amended to read:
245.02 Every male person who shall have attained the full age of 18 years or who has obtained the permission of the countyjudge as provided in s. 245.16 and every female who shall have attained the full age of 15 years shall be capable in law of contracting marriage if otherwise competent.
SECTION 2. 245.16 of the statutes is amended to read:
245.16 No license shall be issued if either of the contracting parties be under the marriageable age of consent as established by * * * s. 245.02, except that a male under the age of 18 maylawfully contract to marry and obtain a marriage license if hefirst obtains the written permission of the county judge of hiscounty, who shall grant such permission only if he finds that themarriage will prevent a child fathered by applicant from beingborn out of wedlock. If either of the contracting parties be between the age of 18 years and 21 years if a male, and between the age of 15 years and 18 years if a female, no license shall be issued without the consent of his or her parents or guardian, or of *Page 393 
the parent having the actual care, custody and control of said party or parties, given before the county clerk under oath, or certified under the hand of such parents or guardian as aforesaid, and properly verified by affidavit before a notary public or other official authorized by law to take affidavits, which certificate shall be filed of record in the office of said county clerk and entered by him on the marriage license docket before issuing said license; provided, that if there be no guardian or parent having the actual care, custody and control of said party or parties, then the judge of the court having probate jurisdiction in the county where the application is pending may, after hearing, upon proper cause shown, make an order allowing the marriage of said party or parties."
The changes from existing prior law are shown in the text by the italicized language, or by asterisks to denote language deleted.
When the recommendations of the study committee were presented to the Legislative Council, however, the latter body declined to approve the repeal of the foregoing provision, and so it was incorporated into the Code Bill, No. 151, A., as new section 245.02 (3) of the Statutes reading as follows:
"(3) A male under the age of 18 may lawfully contract to marry and obtain a marriage license if he first procures the written permission of the county judge of his county, who may in his discretion grant such permission only if he finds that the marriage will pervent [prevent] a child fathered by the applicant from being born or raised out of wedlock."
The above-quoted section thus became part of the Family Code as initially enacted, but it was then repealed by the legislature on October 1, 1961, by ch. 505, Laws of 1961. Since that repeal, the marriageable age of a male in Wisconsin has been 18 years. If the legislature intended the marriageable age to be otherwise, there were many years in which it could have changed the policy.
The purpose of the new adulthood law is to lower the age of majority from 21 years to 18 years and thereby give greater responsibility to this particular age group. The new law changed ch. 245 to permit a male who attained the age of 18 to marry *Page 394 
without first obtaining parental consent. There is no evidence that the legislature intended to reduce the marriageable age of a male person.
Accordingly, I am of the opinion that the minimum marriageable age for male persons in this state is 18 years as reflected by the clear unequivocal language of subsec. (1), sec. 245.02, Stats. The recently enacted age of majority law was not intended to change nor did it change this basic requirement.
RWW:WLJ